<a>
</a>

CRAIG W. RICHARDS
ATTORNEY GENERAL

Margaret Paton Walsh
David T. Jones
Laura Fox
John M. Ptacin
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Emails: margaret.paton-walsh@alaska.gov
    dave.jones@alaska.gov
    laura.fox@alaska.gov
    john.ptacin@alaska.gov

*Attorneys for Defendants, Paul Dauphinais, et. al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID THOMPSON, AARON DOWNING, JIM CRAWFORD, and DISTRICT 18 of the ALASKA REPUBLICAN PARTY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PAUL DAUPHINAIS, in His Official Capacity as the Executive Director of the Alaska Public Offices Commission, and MARK FISH, IRENE CATALONE, RON KING, KENNETH KIRK, and VANCE SANDERS, in Their Official Capacities as Member of the Alaska Public Offices Commission,<br><br>　　　　Defendants. | Case No. 3:15-cv-00218 TMB<br><br>**PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR SHORTENED TIME** |

# PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR SHORTENED TIME

The campaign contribution limits the plaintiffs challenge in this lawsuit have been in place since 2006. And the plaintiffs' legal arguments rely primarily on United States Supreme Court cases dating from 2006 through April 2014. But the plaintiffs nonetheless present this case as a sudden emergency that must be resolved by the end of the year. The Executive Director and the members of the Alaska Public Offices Commission (APOC or the defendants) oppose the plaintiffs' demand that the Court rush this case to judgment in a matter of weeks. The speed with which the plaintiffs wish to litigate is unnecessary, unfair, and would prevent a just resolution of their claims.

The plaintiffs have moved the Court for expedited consideration of their motion for preliminary injunction. Docket 12. They further request that the Court consolidate the hearing on their motion for preliminary injunction with the trial of their claims on the merits as provided for in Fed. R. Civ. P. 65(a)(2). Docket 4 at 3. They ask the Court to set this trial in early December, barely two weeks after the filing of their complaint and in the midst of the holiday season. *Id*. They thus ask that the defendants be required to simultaneously brief complex constitutional issues and prepare for a trial without any opportunity for discovery or deposition of the plaintiffs' expert witnesses, much less the time necessary to develop and present the defense necessary in a case like this.

The plaintiffs' demanded haste is unnecessary because if they ultimately prevail in striking down the contribution limits they challenge, they will be able to make up for any lost opportunity to give additional campaign contributions in 2015 by giving unlimited

*Thompson, et al. v. Dauphinais, et al.*     Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time     Page 2 of 10

Case 3:15-cv-00218-TMB Document 22 Filed 11/16/15 Page 2 of 10

contributions in 2016. The plaintiffs' demanded haste is also unfair, because neither the laws they challenge nor the precedent undergirding their legal claims is new—they could have brought this suit at any time in the nine years since *Randall v. Sorrell*, 548 U.S. 230 (2006), or at least at any time in the eighteen months since *McCutcheon v. F.E.C.*, 134 S.Ct. 1434 (2014). And finally, the plaintiffs' demanded haste would prevent a just and accurate resolution of this case, because precedents show that a properly developed factual record is necessary to the resolution of claims such as theirs.

The Court should reject the plaintiffs' request for a trial in December, and should instead resolve this case on a more reasonable timeframe. The defendants do not oppose a somewhat expedited schedule with the 2016 elections in mind.

## ARGUMENT

**I.    The plaintiffs' demanded haste is unnecessary because if they prevail, the end of calendar year 2015 has no significance.**

The plaintiffs assert that the approaching end of calendar year 2015 creates urgency, but they appear to forget the nature of the relief they have requested. Their counsel says a quick decision is needed "to permit sufficient time, assuming Plaintiffs prevail, to make additional contributions during 2015." Docket 11 at ¶ 3. Alaska's campaign contribution limits do apply on a calendar year basis, but the plaintiffs' complaint and preliminary injunction motion both ask this Court to enjoin the defendants from enforcing these limits at all. Docket 1 at 17; Docket 4 at 1-2. This means that if the

*Thompson, et al. v. Dauphinais, et al.*                                    Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time                              Page 3 of 10

Case 3:15-cv-00218-TMB   Document 22   Filed 11/16/15   Page 3 of 10

plaintiffs prevail, the calendar year will cease to have any significance whatsoever with respect to campaign contributions.

The plaintiffs have not asked the Court to select and impose its own higher annual limits on campaign contributions, nor would such a remedy be appropriate.[1] The available remedy is thus an injunction against the enforcement of the current limits. Whereas now a person may contribute only a limited amount each calendar year, such an injunction would erase the limits entirely, leaving the plaintiffs free to contribute any sum they wish at any time. As a result, if the plaintiffs prevail, they will be free to make as high a contribution as they wish in 2016, including any amount that they could conceivably have afforded in 2015. Conversely, if the plaintiffs lose, they will remain subject to the existing limits and no opportunity to contribute in 2015 will be lost. It thus makes no difference whether the plaintiffs receive a decision before or after the end of 2015. In effect, then, their end-of-the-year deadline is completely imaginary.

The defendants recognize that the approaching 2016 elections create a more meaningful deadline for resolution of this matter, so they do not oppose a somewhat expedited schedule for trial. Such a schedule should allow for expert reports, depositions, and reasonable trial preparation. A trial scheduled in March or April will provide adequate time for the defendants to prepare their case and for this Court to render

---

[1] Moreover, even if the Court were to determine that it could raise the contribution limit to some higher figure, in that eventuality it could also presumably permit backdated contributions for the year 2015.

*Thompson, et al. v. Dauphinais, et al.*                                                                   Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time                               Page 4 of 10

Case 3:15-cv-00218-TMB    Document 22    Filed 11/16/15    Page 4 of 10

judgment well before the campaign season begins in earnest after the candidate filing deadline of June 1, 2016.[2]

## II. The plaintiffs' demanded haste is unfair because they controlled the timing of this lawsuit and any urgency was manufactured by them.

The plaintiffs have had nearly a decade to bring this challenge. Their arguments in support of their claims rely primarily on their interpretation and application of the test enunciated in *Randall v. Sorrell*, a United States Supreme Court case dating from 2006, the same year that Alaska's current campaign contribution limits were enacted by ballot measure. Docket 5. Even allowing that the plaintiffs were inspired by the more recent *McCutcheon* decision to hope that the current Supreme Court might overrule precedent and apply a stricter standard of scrutiny to contribution limits, Docket 5 at 26 n.107, they could have brought their claims at least eighteen months ago. Having delayed this long, it is fair to assume that the plaintiffs will not suffer by being required to wait a little longer. A plaintiff's delay in requesting injunctive relief implies a lack of urgency.[3]

---

[2] AS 15.25.040(a).

[3] *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action") (quoting *Gillette Co. v. Ed Pinaud, Inc.*, 178 F.Supp. 618, 622 (S.D.N.Y.1959)); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2946 (3d ed. 2014) ("[A] plaintiff is advised to assert all rights under Rule 65 promptly. Any unnecessary delay in doing so may be viewed as inconsistent with a claim that plaintiff is suffering great injury or, in the case of preliminary injunctive relief, that there is an urgent need for immediate relief

*Thompson, et al. v. Dauphinais, et al.*  Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time  Page 5 of 10

Case 3:15-cv-00218-TMB   Document 22   Filed 11/16/15   Page 5 of 10

Instead of filing their lawsuit in 2006 or 2014—or even earlier in 2015—they waited and prepared, hiring expert witnesses and developing their litigation strategy. It is unfair of them to now attempt to deprive the defendants of any opportunity to do the same, by seeking to force the defendants to prepare for a trial on the merits in the midst of the holiday season in the time typically provided for a defendant to answer a complaint. Even if the impending end of 2015 were somehow significant—which, as explained above, it is not—the Court should not impose the burden of that urgency on the defendants given that the plaintiffs had complete control over the timing of their lawsuit.

### III. The plaintiffs' demanded haste is inappropriate because determining the constitutionality of contribution limits requires an adequate factual record.

Finally, the Court should deny the plaintiffs' motion because resolving their claims will require development of an adequate factual record—something that cannot reasonably be accomplished under their proposed timeframe.

In *Lair v. Bullock*, 798 F.3d 736 (9th Cir. 2015), the Ninth Circuit recently recognized the importance of having a carefully considered decision on a proper factual record before a state's campaign contribution limits are enjoined. The procedural history of *Lair* establishes not only that the plaintiffs' hurried schedule is inappropriate, but also that the Court should deny preliminary relief. The asserted harm to the plaintiffs in *Lair* was the same as it is here—alleged infringement of First Amendment rights from campaign contribution limits. But *Lair* was not rushed to trial mere weeks after the filing

---

and that a judgment would be rendered ineffective unless some restraint is imposed on defendant pending an adjudication on the merits.").

*Thompson, et al. v. Dauphinais, et al.*                                              Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time                                  Page 6 of 10

of the complaint—rather, it went to trial a year later.[4] And the district court denied a preliminary injunction of the contribution limits even though it ultimately went on to rule in the plaintiffs' favor on those claims.[5] What's more, the Ninth Circuit stayed the district court's injunction pending the outcome of Montana's appeal, finding that the plaintiffs' obligation to continue to abide by contribution limits that had been in place for a decade was an insufficient harm compared to the harm to the public interest from invalidating the limits; and given its view that Montana was likely to prevail on the merits because the district court erroneously applied *Randall* as controlling precedent (as the plaintiffs ask the Court to do here).[6] Finally, the Ninth Circuit merits panel remanded the case to the district court for application of the correct legal standard, with the instruction that Montana "should have an opportunity to develop a record" aimed at meeting that standard and defending its laws.[7] Thus, four years after the complaint in *Lair*, Montana's campaign contribution limits are still in place—with the Ninth Circuit's blessing—pending a proper final resolution of the *Lair* plaintiffs' claims. Yet the plaintiffs in this case ask this Court to hold a trial and strike down Alaska's limits within weeks.

The Court should not order a schedule that would hamstring Alaska's ability to defend its laws. The defendants have not yet even had the opportunity to identify the

---

[4] *Lair v. Murry*, 903 F. Supp. 2d 1077, 1079 (D. Mont. 2012) (stating that complaint was filed in September 2011 and trial was held in September 2012).

[5] *Id.*

[6] *Lair v. Bullock*, 697 F.3d 1200 (9th Cir. 2012).

[7] *Lair v. Bullock*, 798 F.3d 736, 748 n.8 (9th Cir. 2015).

*Thompson, et al. v. Dauphinais, et al.*                Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time                Page 7 of 10

Case 3:15-cv-00218-TMB   Document 22   Filed 11/16/15   Page 7 of 10

information that may be available for that defense, let alone the time necessary to assemble that information for presentation in court. The defendants also need the time to examine the plaintiffs' evidence. For example, the defendants notice that one of the plaintiffs' proposed experts—Clark Bensen—testified in both *Lair* and *Randall* about his race-by-race analyses of numbers related to campaigns and elections in Vermont and Montana.[8] Docket 13 at 2. At the very least, the defendants will need to depose Mr. Bensen and other proposed experts to test the validity of their assertions.

## CONCLUSION

Because the plaintiffs exaggerate the urgency of their case, the defendants respectfully request that the Court deny the plaintiffs' motion for shortened time, establish a regular briefing schedule for the preliminary injunction motion, and schedule trial for some time in March or April of 2016.

DATED: November 16, 2015.

>  CRAIG W. RICHARDS
>  ATTORNEY GENERAL
>
>  By: /s/ Margaret Paton Walsh
>  　　　Margaret Paton Walsh
>  　　　Assistant Attorney General
>  　　　Alaska Bar No. 0411074
>  　　　Department of Law
>  　　　1031 W. 4th Avenue, Suite 200
>  　　　Anchorage, AK  99501
>  　　　Phone: (907) 269-6612
>  　　　Facsimile: (907) 258-4978
>  　　　Email: margaret.paton-walsh@alaska.gov

---

[8] *See Lair v. Murry*, 903 F. Supp. 2d at 1080; *Randall*, 548 U.S. at 253.

*Thompson, et al. v. Dauphinais, et al.*　　　　Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time　　　　Page 8 of 10

Case 3:15-cv-00218-TMB   Document 22   Filed 11/16/15   Page 8 of 10

By: /s/ David T. Jones
David T. Jones
Assistant Attorney General
Alaska Bar No. 8411123
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: dave.jones@alaska.gov

By: /s/ Laura Fox
Laura Fox
Assistant Attorney General
Alaska Bar No. 0905015
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: laura.fox@alaska.gov

By: /s/ John M. Ptacin
John M. Ptacin
Assistant Attorney General
Alaska Bar No. 0412106
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: john.ptacin@alaska.gov

**Attorneys for Defendants**

*Thompson, et al. v. Dauphinais, et al.*　　　　　　　　　　　　Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time　　　　　　　　　　　　Page 9 of 10

Case 3:15-cv-00218-TMB   Document 22   Filed 11/16/15   Page 9 of 10

## Certificate of Service

I hereby certify that on November 16, 2015, a copy of the foregoing **Partial Opposition to Plaintiffs' Motion for Shortened Time** was served electronically & by U.S. Mail on:

Kevin G. Clarkson
Matthew C. Clarkson
Brena, Bell & Clarkson, P.C.
810 N. Street, Suite 100
Anchorage, Alaska 99501


s/ Margaret Paton Walsh

*Thompson, et al. v. Dauphinais, et al.*      Case No. 3:15-cv-00218 TMB
Partial Opposition to Motion for Shortened Time      Page 10 of 10

Case 3:15-cv-00218-TMB   Document 22   Filed 11/16/15   Page 10 of 10