CRAIG W. RICHARDS
ATTORNEY GENERAL

Margaret Paton Walsh
David T. Jones
Laura Fox
John M. Ptacin
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Emails: margaret.paton-walsh@alaska.gov
    dave.jones@alaska.gov
    laura.fox@alaska.gov
    john.ptacin@alaska.gov

*Attorneys for Defendants, Paul Dauphinais, et. al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID THOMPSON, AARON DOWNING, JIM CRAWFORD, and DISTRICT 18 of the ALASKA REPUBLICAN PARTY, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 3:15-cv-00218 TMB |
| v. | )<br>) |
| | ) **ANSWER** |
| PAUL DAUPHINAIS, in His Official Capacity as the Executive Director of the Alaska Public Offices Commission, and MARK FISH, IRENE CATALONE, RON KING, KENNETH KIRK, and VANCE SANDERS, in Their Official Capacities as Member of the Alaska Public Offices Commission, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# ANSWER

Defendants, Paul Dauphinais, in his official capacity as the Executive Director of the Alaska Public Offices Commission, and Mark Fish, Irene Catalone, Ron King, Kenneth Kirk, and Vance Sanders, in their official capacities as Members of the Alaska Public Offices Commission, answer the plaintiffs' Complaint as follows:

## INTRODUCTION

1. The defendants admit that this is an action brought under 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments to the United States Constitution, but deny that they have violated those provisions. The defendants admit that the complaint challenges Alaska's campaign finance laws, specifically AS 15.13.070 and AS 15.13.072, but deny that those statutes and regulations violate the United States Constitution. Except as expressly admitted herein, the allegations of paragraph 1 are denied.

2. The defendants deny the allegations of paragraph 2.

## PARTIES/JURISDICTION/VENUE

3. The defendants admit that Aaron Downing made a $500 contribution to the campaign for the reelection of Mayor Larry DeVilbiss in 2015. The defendants have no record of Downing's alleged 2015 contribution to campaign of George Rauscher for Alaska State House District 9 and therefore deny that allegation. Alaska Statute 15.13.390(a) speaks for itself. The defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and therefore deny the same.

4. The defendants admit that Jim Crawford made a $500 contribution to the campaign of Anchorage mayoral candidate Amy Demboski in 2015. The defendants have no record of Crawford's alleged 2015 contribution to the Alaska Miners Political Action Committee and therefore deny that allegation. Alaska Statute 15.13.390(a) speaks for itself. The defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and therefore deny the same.

5. The defendants do not have any record showing that a contribution from David Thompson has been received by the Keller campaign in 2015 or that this contribution was returned and therefore deny that allegation. Alaska Statute 15.13.072 speaks for itself. As to the remaining allegations of paragraph 5, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

6. According to APOC records, District 18 of the Alaska Republican Party contributed $250 to the 2015 campaign of Anchorage mayoral candidate Amy Demboski and this was within the limits imposed by AS 15.13.070(d); therefore, the defendants deny that District 18 was prohibited from making a contribution to the Demboski campaign. Alaska Statute 15.13.070 and AS 15.13.400 speak for themselves. As to the remaining allegations of paragraph 6, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

*Thompson, et al. v. Dauphinais, et al.* Case No. 3:15-cv-00218 TMB
Answer Page 3 of 10
Case 3:15-cv-00218-TMB   Document 27   Filed 11/25/15   Page 3 of 10

7. The defendants admit the allegations of paragraph 7, but deny that it provides a complete picture of the functions and duties of the Alaska Public Offices Commission and the Commission's Executive Director.

8. The defendants admit the allegations of paragraph 8, but deny that the Alaska Public Offices Commission's duties, responsibilities and powers are set forth only in AS 15.13, et. seq.

9. The defendants admit the allegations of paragraph 9, but deny that the Alaska Public Offices Commission's duties, responsibilities and powers are set forth only in AS 15.13, et. seq.

10. The defendants admit the allegations of paragraph 10, but deny that the Alaska Public Offices Commission's duties, responsibilities and powers are set forth only in AS 15.13, et. seq.

11. The defendants admit the allegations of paragraph 11, but deny that the Alaska Public Offices Commission's duties, responsibilities and powers are set forth only in AS 15.13, et. seq.

12. The defendants admit the allegations of paragraph 12, but deny that the Alaska Public Offices Commission's duties, responsibilities and powers are set forth only in AS 15.13, et. seq.

13. The defendants admit that the plaintiffs cite 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution as the bases for their complaint. The defendants further admit that this Court has jurisdiction over the plaintiffs' claims under 42 U.S.C. § 1983; 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

The defendants admit that this Court has the authority to issue a declaratory judgment, where appropriate, under 28 U.S.C. §§ 2201. Except as expressly admitted herein, the allegations of paragraph 13 are denied.

14. The defendants admit the allegations of paragraph 14.

15. The defendants admit the allegations of paragraph 15

## CAUSES OF ACTION

## COUNT 1

16. Alaska Statute 15.13.070 speaks for itself, but the defendants note that it has no subsection (a)(1). Paragraph 16 contains a statement of law to which no response is required.

17. Paragraph 17 contains statements of law to which no response is required.

18. The defendants admit the allegations of paragraph 18.

19. Alaska Statute 15.13.070(b)(1) speaks for itself. As to the remaining allegations of paragraph 19, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

20. The defendants admit that the present-day value of the money that an individual may permissibly contribute to a candidate under Alaska law will change over time as a result of inflation or deflation. Except as expressly admitted herein, the allegations of paragraph 20 are denied.

21. The first sentence of paragraph 21 contains a statement of law to which no response is required. The defendants deny the remaining allegations of paragraph 21.

## COUNT 2

22. Paragraph 22 contains a statement of law to which no response is required.

23. The defendants admit the allegations of paragraph 23.

24. Alaska Statute 15.13.070(a)(1) speaks for itself. As to the remaining allegations of paragraph 24, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

25. The defendants admit that the present-day value of the money that an individual may permissibly contribute to a group that is not a political party under Alaska law will change over time as a result of inflation or deflation. Except as expressly admitted herein, the allegations of paragraph 25 are denied.

26. Alaska Statute 15.13.070 speaks for itself. Paragraph 26 contains statements of law to which no response is required. To the extent any response is required, the defendants deny the allegations of paragraph 26.

27. The first sentence of paragraph 27 contains a statement of law to which no response is required. The defendants deny the remaining allegations of paragraph 27.

## COUNT 3

28. Alaska Statute 15.13.072 speaks for itself. Paragraph 28 contains a statement of law to which no response is required.

29. Paragraph 29 contains a statement of law to which no response is required. To the extent any response is required, the defendants deny the allegations of paragraph 29.

30. The defendants admit that Alaska's campaign contribution limits are not linked to inflation. The defendants admit that the Parnell campaign returned contributions made by nonresidents of Alaska during the 2014 election campaign. As to the remaining allegations of paragraph 30, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

31. The first and last sentences of paragraph 31 contain statements of law to which no response is required. The remaining allegations of paragraph 31 are denied.

## COUNT 4

32. Alaska Statute 15.13.070 and AS 15.13.400 speak for themselves. Paragraph 32 contains statements of law to which no response is required. The defendants note that the last two sentences of paragraph 32 repeat the allegations in paragraph 29 and appear to relate to Count 3 rather than Count 4. The defendants incorporate by reference their response to paragraph 29.

33. The defendants admit that Alaska's campaign contribution limits are not linked to inflation. The defendants deny that District 18 of the Alaska Republican Party was unable to make a contribution to Amy Demboski during the 2015 Anchorage mayoral campaign. As to the remaining allegations of paragraph 33, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

34. The first sentence of paragraph 34 contains a statement of law to which no response is required. The defendants deny the remaining allegations of paragraph 34.

*Thompson, et al. v. Dauphinais, et al.*  Case No. 3:15-cv-00218 TMB
Answer   Page 7 of 10
Case 3:15-cv-00218-TMB   Document 27   Filed 11/25/15   Page 7 of 10

WHEREFORE, the defendants, Paul Dauphinais, Mark Fish, Irene Catalone, Ron King, Kenneth Kirk and Vance Sanders, pray for the following relief:

1. That the plaintiffs take nothing by way of their complaint;

2. That the plaintiffs' complaint be dismissed with prejudice;

3. That the defendants be awarded costs and reasonable attorneys' fees, if appropriate;

4. Any other relief this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. The plaintiffs have failed to state a claim upon which relief may be granted.

DATED: November 25, 2015.

        CRAIG W. RICHARDS
        ATTORNEY GENERAL

By: /s/ Margaret Paton Walsh
    Margaret Paton Walsh
    Assistant Attorney General
    Alaska Bar No. 0411074
    Department of Law
    1031 W. 4th Avenue, Suite 200
    Anchorage, AK 99501
    Phone: (907) 269-6612
    Facsimile: (907) 258-4978
    Email: margaret.paton-walsh@alaska.gov

By: /s/ David T. Jones
    David T. Jones
    Assistant Attorney General
    Alaska Bar No. 8411123
    Department of Law
    1031 W. 4th Avenue, Suite 200
    Anchorage, AK 99501
    Phone: (907) 269-6612
    Facsimile: (907) 258-4978
    Email: dave.jones@alaska.gov

*Thompson, et al. v. Dauphinais, et al.*     Case No. 3:15-cv-00218 TMB
Answer     Page 8 of 10
Case 3:15-cv-00218-TMB   Document 27   Filed 11/25/15   Page 8 of 10

By: /s/ Laura Fox
Laura Fox
Assistant Attorney General
Alaska Bar No. 0905015
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: laura.fox@alaska.gov

By: /s/ John M. Ptacin
John M. Ptacin
Assistant Attorney General
Alaska Bar No. 0412106
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: john.ptacin@alaska.gov

**Attorneys for Defendants**

*Thompson, et al. v. Dauphinais, et al.* Case No. 3:15-cv-00218 TMB
Answer Page 9 of 10
Case 3:15-cv-00218-TMB Document 27 Filed 11/25/15 Page 9 of 10

**Certificate of Service**

I hereby certify that on November 25, 2015, a copy of the foregoing **Answer** was served electronically & by U.S. Mail on:

>Kevin G. Clarkson
>Matthew C. Clarkson
>Brena, Bell & Clarkson, P.C.
>810 N. Street, Suite 100
>Anchorage, Alaska  99501


s/ Margaret Paton Walsh

*Thompson, et al. v. Dauphinais, et al.*     Case No. 3:15-cv-00218 TMB
Answer     Page 10 of 10
Case 3:15-cv-00218-TMB   Document 27   Filed 11/25/15   Page 10 of 10