Kevin G. Clarkson, Esq.
Matthew C. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Plaintiffs,
 David Thompson, *et. al.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID THOMPSON; AARON DOWNING; JIM CRAWFORD; and DISTRICT 18 of the ALASKA REPUBLICAN PARTY, <br><br>Plaintiffs,<br><br>v.<br><br>PAUL DAUPHINAIS, in His Official Capacity as the Executive Director of the Alaska Public Offices Commission; and MARK FISH, IRENE CATALONE, RON KING, KENNETH KIRK, and VANCE SANDERS, in Their Official Capacities as Members of the Alaska Public Offices Commission,<br><br>Defendants. | Case No. 3:15-cv-00218 TMB |

**FIRST AMENDED COMPLAINT**

Plaintiffs, Aaron Downing, Jim Crawford, David Thompson, and District 18 of the Alaska Republican Party, appear and state their causes of action against the Defendants, Paul Dauphinais, in his official capacity as the Executive Director of the Alaska Public Offices

FIRST AMENDED COMPLAINT  Page 1 of 18
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB*)*  February 3, 2016
Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 1 of 18

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska  99501
Phone:  (907) 258-2000
Facsimile:  (907) 258-2001

Commission, and Mark Fish, Irene Catalone, Ron King, Kenneth Kirk, and Vance Sanders, in their official capacities as Members of the Alaska Public Offices Commission, as follows:

## INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 for declaratory and injunctive relief based upon violations of the First and Fourteenth Amendments to the United States Constitution. The action concerns the constitutionality of certain Alaska election and campaign finance laws in the form of (a) statutes enacted by the Alaska Legislature and codified in AS 15.13, *et. seq.*, and (b) regulations promulgated by the Alaska Public Offices Commission pursuant to its statutorily granted authority under AS 15.13.030(9) and codified in the Alaska Administrative Code, 2 AAC 50, *et. seq.* Specifically, Plaintiffs challenge the constitutionality of:

- The $500 annual limit on individual contributions to a candidate that is too low and not prorated for inflation—AS 15.13.070(b)(1);

- The $500 annual limit on individual contributions to a group that is not a political party, which is too low and not prorated for inflation and which is discriminatorily and unjustifiably only ten percent of the amount that an individual can contribute on an annual basis to a political party—AS 15.13.070(b)(1); AS 15.13.070(b)(2).

- The annual aggregate limits on what a candidate may solicit or accept from nonresidents of Alaska, which have the effect of placing an aggregate cap, and in many instances a complete ban, on contributions by nonresidents to a candidate, and that prohibit many nonresidents of Alaska from making any contribution in any amount to candidates for public office in Alaska—AS 15.13.072(a)(2) and (e);

- The annual aggregate limit on what each separate subdivision or unit of a political party combined together may contribute to a candidate for public office, which laws have the effect of substantially limiting or completely prohibiting some political party subdivisions or units in what they may contribute to a candidate—AS 15.13.070(d); AS 15.13.400(15).

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT  Page 2 of 18
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)  February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 2 of 18

2. The above statutory provisions unconstitutionally burden and chill Plaintiffs' free speech and association, as protected by the First and Fourteenth Amendments to the United States Constitution. Some of the statutory provisions treat similarly situated persons differently without a sufficient government justification, and, therefore, deny equal protection of the law, as protected by the Fourteenth Amendment to the United States Constitution. One of the provisions abridges privileges and immunities in violation of the Fourteenth Amendment.

## PARTIES/JURISDICTION/VENUE

### I. Plaintiffs

#### A. Alaska Residents Who Wish to Contribute More Than $500 Annually to Candidates of Their Choosing.

3. Plaintiff Aaron Downing is a resident of the State of Alaska, who is in all ways qualified to maintain this action. Downing has an interest in the outcome of State and municipal elections in Alaska, regularly contributes to candidates for public office in Alaska, and desires to contribute more than $500 to candidates of his choosing. Downing contributed $500 to the campaign for reelection of Mayor Larry DeVilbiss in 2015, and, if the law permitted, would have contributed more than $500. Downing has contributed $500 in 2015 to the campaign of George Rauscher for Alaska State House District 9. If the law permitted, Downing would contribute more than $500 to candidates of his choosing, including at this time, Rauscher, a candidate for State House in District 9. At present, however, Downing cannot and does not contribute more than $500 to any candidate of his choosing, including Rauscher, because if he did so either (a) the candidate would return the extra contribution or,

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT  Page 3 of 18
Thompson et. al. v. Dauphinais, et. al. (Case No. 3:15-cv-00218 TMB)  February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 3 of 18

if not, then (b) both he and the candidate would be subject to a civil penalty of $50 per day for each day of the violation under AS 15.13.390(a).

    **B.    Alaska Residents Who Wish to Contribute More Than $500 Annually to a Group that Is Not a Political Party.**

4.    Plaintiff Jim Crawford is a resident of the State of Alaska, who is in all ways qualified to maintain this action. Crawford has an interest in the outcome of State and municipal elections in Alaska, regularly contributes to candidates for public office in Alaska, and desires to contribute more than $500 to groups of his choosing. Crawford contributed $500 to the campaign of Anchorage Mayoral candidate Amy Demboski in 2015, and, if the law permitted, would have contributed more than $500. Crawford has contributed $500 in 2015 to the Alaska Miners Association Political Action Committee. If the law permitted, Crawford would contribute more than $500 to groups of his choosing, including at this time, the Alaska Miners Political Action Committee. At present, however, Crawford cannot and does not contribute more than $500 to any group of his choosing, including the Alaska Miners Political Action Committee, because if he did so either (a) the group would return the extra contribution or, if not, then (b) both he and the candidate would be subject to a civil penalty of $50 per day under AS 15.13.390(a).

    **C.    Nonresident Who Wishes to Contribute to a Candidate for Alaska Public Office, But Cannot Due to the Aggregate Cap, and Who Wishes to Contribute Annually to a Group and Political Party in Alaska, But Cannot Due to the Aggregate Cap.**

5.    Plaintiff David Thompson is a resident of the State of Wisconsin. Thompson is the brother-in-law of Representative Wes Keller, Alaska House District 10, and he is

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)
Page 4 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 4 of 18

interested in supporting Keller in his reelection campaign. Thompson desires to contribute to the campaign for reelection of Keller, candidate for State House, District 10, but, at this time, is unable to do so because Keller has already received an aggregate total of $3,000 from nonresidents of Alaska during the calendar year 2015. Thompson sent a donation to Keller's reelection campaign, but his donation was returned by Keller's campaign because, pursuant to AS 15.13.072(e)(3), a candidate for State House may only solicit and accept contributions from nonresidents of Alaska totaling $3,000 per calendar year, and Keller had already received $3,000 from nonresidents of Alaska. Thompson desires to contribute to the campaign for reelection of Keller again in calendar year 2016, but, under AS 15.13.072(e)(3), runs the risk that he will be unable to do so.

      **D.    A Political Party Subdivision that Wishes to Contribute Additional Monies In Its Own Right To Candidates For Public Office in Alaska, But Is Unable To Freely Do So Because of the Aggregate Cap that Is Placed On What a Political Party, Including All Subdivisions Thereof, Can Contribute in the Aggregate to Candidates for Public Office in Alaska.**

      6.    District 18 of the Alaska Republican Party is a subdivision of the Alaska Republican Party that is comprised of members of the Party residing in Alaska House District 18 in Anchorage, Alaska. District 18 regularly contributes, when it is able, to candidates for public office in Alaska, in Anchorage, and within District 18 in particular. District 18 is often prevented from contributing to the campaigns of candidates, because under AS 15.13.070(d) and AS 15.13.400(15), all contributions from any subdivision or unit of the Alaska Republican Party are aggregated and limited by an aggregate cap that varies, depending upon what public office it is for which a candidate is running. In 2015, District 18 was prohibited

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT                                                Page 5 of 18
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)      February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 5 of 18

from making a contribution to the campaign for mayor of Amy Demboski because other subdivisions and units of the Alaska Republican Party had already contributed an aggregated total of $5,000 to Demboski's campaign.

## II. Defendants

7. Paul Dauphinais is the Executive Director of the Alaska Public Offices Commission. APOC is created by Alaska statute as a Commission within the Alaska Department of Administration. APOC has five members. APOC members are appointed by the Governor of Alaska. APOC is charged with the power and authority to oversee and enforce Alaska's campaign finance laws, including those codified within AS 15.13, *et. seq.* APOC has the power to (a) enforce AS 15.13, *et. seq.*; (b) issue advisory opinions regarding the meaning and application of AS 15.13, *et. seq.*; and (c) receive, investigate, and adjudicate complaints regarding alleged violations of AS 15.13, *et. seq.*, and in that respect, issue subpoenas and orders, impose civil penalties, and refer penalties to the Alaska Attorney General for collection. In his official capacity as APOC Executive Director, Dauphinais is an employee of APOC and is charged with authority and responsibility regarding APOC's operations as set forth above, including APOC's oversight and enforcement of AS 15.13, *et. seq.* This action is brought against Dauphinais solely in his official capacity as Executive Director of APOC and is not brought against him in his individual capacity. Dauphinais is subject to the jurisdiction of this Court.

8. Mark S. Fish is a member of APOC. Fish is statutorily charged and endowed with all duties, responsibilities, and powers of an APOC member as set forth in AS 15.13,

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)
Page 6 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 6 of 18

*et. seq.* This action is brought against Fish solely in his official capacity, and is not brought against him in his individual capacity. Fish is subject to the jurisdiction of this Court.

9. Irene Catalone is a member of APOC. Catalone is statutorily charged and endowed with all duties, responsibilities, and powers of an APOC member as set forth in applicable statute, AS 15.13, *et. seq.* This action is brought against Catalone solely in her official capacity, and is not brought against her in her individual capacity. Catalone is subject to the jurisdiction of this Court.

10. Ron King is a member of APOC. King is statutorily charged and endowed with all duties, responsibilities, and powers of an APOC member as set forth in applicable statute, AS 15.13, *et. seq.* This action is brought against King solely in his official capacity and is not brought against him in his individual capacity. King is subject to the jurisdiction of this Court.

11. Kenneth Kirk is a member and the Chairman of APOC. Kirk is statutorily charged and endowed with all duties, responsibilities, and powers of an APOC member as set forth in applicable statute, AS 15.13, *et. seq.* This action is brought against Kirk solely in his official capacity and is not brought against him in his individual capacity. Kirk is subject to the jurisdiction of this Court.

12. Vance Sanders is a member of APOC. Sanders is statutorily charged and endowed with all duties, responsibilities, and powers of an APOC member as set forth in applicable statute, AS 15.13, *et. seq.* This action is brought against Sanders solely in his

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)
Page 7 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 7 of 18

official capacity and is not brought against him in his individual capacity. Sanders is subject to the jurisdiction of this court.

## III. Jurisdiction

13. This case arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Because Defendants have acted in the past, act now, and will continue to act in their official capacities under color of state law, this Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1983; 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court also has jurisdiction over Plaintiffs' claims for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

14. Defendants, in their official capacities, are each subject to *in personam* jurisdiction in this Court within the District of Alaska.

## IV. Venue

15. Venue in this action is appropriate in the District of Alaska at Anchorage pursuant to 28 U.S.C. § 81A and 28 U.S.C. § 1391(b).

## CAUSES OF ACTION

### COUNT 1
### THE $500 ANNUAL CONTRIBUTION LIMIT APPLICABLE TO INDIVIDUALS VIOLATES FREE SPEECH AND ASSOCIATION

16. Alaska Statute 15.13.070(a)(1) limits to no more than $500 per year the contributions that individuals may make to a candidate for public office in Alaska.

17. The annual nature of the $500 limit effectively means that an individual can contribute $1,000 to a candidate in an eighteen-month election cycle that commences with June 1 of the

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)
Page 8 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 8 of 18

calendar year before the year of the general election and ends at the general election, provided that the candidate who the individual wishes to support has registered as a candidate for office during the calendar year prior to the general election. If, however, a candidate does not register as a candidate until the calendar year of the general election, then an individual's contributions to that candidate are limited to $500, for the entire primary and general-election cycle.

18. This annual contribution limit was first put into effect in 1996, was raised to $1,000 from 2003-2005, but then was lowered again to $500 by ballot initiative in 2006.

19. The $500 annual contribution limit put into place in 2006 has never been, and is not provided to ever be, adjusted for inflation. Because this limit is not adjusted for inflation, it has lost value each and every one of the nine years since 2006. With annual inflation and total inflation over a period of nine years, this limit, which had a value of $500 in 2006, has a present-day value of only approximately $419 in 2015 dollars.

20. Absent adjustment for inflation, the present-day value of the money that an individual may permissibly contribute to a candidate will continue to diminish in value each year.

21. The only State interest that can constitutionally justify the $500 limit that is placed on what an individual resident of Alaska may contribute to a candidate is an interest in prohibiting *quid pro quo* corruption or its appearance. That State interest is not implicated at or near the $500 limit for individual contributions to candidates for public office. The $500 annual contribution limit is too low and is not closely drawn so as to avoid unnecessary abridgement of speech and associational freedoms. The annual nature of the limit makes the limit all the more restrictive and it unduly burdens free speech and association. The lack of inflation adjustment of the limit makes it all the more restrictive and it unduly burdens free speech and association. The low amount of the $500 contribution limit, the annual nature of that limit, and the lack of inflation adjustment, both together

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT  Page 9 of 18
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)  February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 9 of 18

and each independently, operate as a denial of free speech and association to individuals. Because the limit is not adjusted for inflation, the denial of free speech and association grows more significant each year.

## COUNT 2
### THE $500 ANNUAL CONTRIBUTION LIMIT APPLICABLE TO WHAT INDIVIDUALS MAY CONTRIBUTE TO A GROUP THAT IS NOT A POLITICAL PARTY VIOLATES FREE SPEECH AND ASSOCIATION

22. Alaska Statute 15.13.070(b)(1) limits to no more than $500 per year what an individual may contribute to a group that is not a political party.

23. This annual contribution limit was first put into effect in 1996, was raised to $1,000 from 2003-2005, but then was lowered again to $500 by ballot initiative in 2006.

24. The $500 annual contribution limit put into place in 2006 has never been, and is not provided to ever be, adjusted for inflation. Because this limit is not adjusted for inflation, it has lost value each and every one of the nine years since 2006. With annual inflation and total inflation over a period of nine years, this limit, which had a value of $500 in 2006, has a present day value of only approximately $419 in 2015 dollars.

25. Absent adjustment for inflation, the present-day value of the money that an individual may permissibly contribute to a group that is not a political party will continue to diminish in value each year.

26. By contrast to the limited amount that an individual may contribute to a group that is not a political party, an individual may contribute up to $5,000 per year to a political party under AS 15.13.070(b)(2). The amount that an individual can contribute to a group that is not a political party is only ten percent of the amount that an individual can contribute to a political party.

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT  Page 10 of 18
Thompson et. al. v. Dauphinais, et. al. (Case No. 3:15-cv-00218 TMB)  February 3, 2016
Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 10 of 18

Individuals who contribute to groups that are not political parties are similarly situated to individuals who contribute to political parties and there is no justification for this disparity and discrimination.

27. The only State interest that can constitutionally justify the $500 limit that is placed on what an individual resident of Alaska may contribute to a group that is not a political party is an interest in prohibiting *quid pro quo* corruption or its appearance. That State interest is not implicated, let alone implicated at or near the $500 limit, for individual contributions to groups that are not political parties. The $500 annual contribution limit is too low and is not closely drawn so as to avoid unnecessary abridgement of speech and associational freedoms. There is greater risk of *quid pro quo* corruption for contributions by individuals to political parties than there is with respect to contributions by individuals to groups, yet the limit for individual contributions to political parties is ten times greater than the limit for individual contributions to groups that are not political parties. The $500 annual contribution limit is too low and is not closely drawn so as to avoid unnecessary abridgement of speech and associational freedoms. The annual nature of the limit makes the limit all the more restrictive and it unduly burdens free speech and association. The lack of inflation adjustment of the limit makes it all the more restrictive and it unduly burdens free speech and association. The low amount of the $500 contribution limit, the annual nature of that limit, and the lack of any inflation adjustment, both together and each individually, operate as a denial of free speech and association and as a denial of equal protection to individuals. Because the limit is not adjusted for inflation, the denial of free speech and association grows more significant each year.

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)
Page 11 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 11 of 18

# COUNT 3
# THE ANNUAL AGGREGATE LIMIT AND BAN ON NONRESIDENT CONTRIBUTIONS VIOLATES FREE SPEECH AND ASSOCIATION AND EQUAL PROTECTION

28. Alaska Statute 15.13.072(a)(2) and (e) place an annual aggregate limit on the contributions that a candidate may solicit, accept, and/or receive from nonresidents of Alaska. The annual aggregate limits that candidates can solicit, accept, and/or receive from nonresidents of Alaska vary by office, and, as applicable to this action, is $3,000, if the candidate is seeking the office of representative, or some municipal or other office.

29. Once a candidate has reached the annual aggregate limit for nonresident contributions for the particular office that the candidate is seeking, all other or additional nonresident individuals are absolutely prohibited or banned from donating any amount of money to the candidate's campaign. Once the candidate's campaign reaches the aggregate limit for nonresident contributions, this limitation operates as a complete prohibition or ban on further nonresident contributions to the candidate.

30. The annual aggregate limits applicable to contributions, solicitations, or receipts from nonresidents that were put into place in 1996 are not and never have been adjusted for inflation, and thus the amount that nonresidents may give to candidates in the aggregate has effectively diminished in value each year since 1996 and continues to effectively diminish in value each year. With annual inflation and total inflation over a period of nineteen years, this aggregate limit, which had a value of $3,000 in 1996, has a present-day value of only approximately $1,989.44 in 2015 dollars. Each election year during which campaign contributions can be given and received, candidates reach the aggregate cap applicable to nonresidents of Alaska, and then must return contributions made by

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT  
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)

Page 12 of 18  
February 3, 2016

nonresidents of Alaska. For example, Governor Sean Parnell was required to return substantial contributions from nonresidents of Alaska during his campaign for reelection in 2014.

31. The only State interest that can constitutionally justify the aggregate cap or ban that is placed on what a nonresident of Alaska may contribute to a candidate for Alaska public office is an interest in prohibiting *quid pro quo* corruption or its appearance. That interest to prevent *quid pro quo* corruption or its appearance is not implicated simply because an individual is a nonresident of Alaska. The aggregate nature of the limit violates free speech and association. There is no adequate State interest that justifies limiting or banning what a nonresident individual can contribute annually to a candidate for Alaska public office, while at the same time permitting each and every resident of Alaska to freely contribute $500 annually to that candidate. Moreover, the aggregate cap or prohibition is not closely drawn so as to avoid unnecessary abridgement of speech and associational freedoms. Once the aggregate limit is reached by any given candidate, it operates as a complete denial of free speech and association to nonresidents of Alaska who wish to make campaign contributions to that candidate. All individuals in the United States are protected by the First and Fourteenth Amendments, and there is no justification for Alaska to distinguish between and discriminate against nonresidents of Alaska with respect to their rights to free speech, equal protection under the law, and privileges and immunities. The risk of *quid pro quo* corruption and its appearance are generally less when a nonresident of Alaska contributes to a candidate for public office in Alaska than when a resident of Alaska contributes to a candidate for public office in Alaska. Aggregate caps are unconstitutional under the First and Fourteenth Amendments to the United States Constitution (abridging free speech, denying equal protection and abridging privileges and immunities).

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT  Page 13 of 18
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)  February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 13 of 18

# COUNT 4
## THE ANNUAL AGGREGATE LIMIT ON WHAT EACH SEPARATE SUBDIVISION OR UNIT OF A POLITICAL PARTY COMBINED TOGETHER MAY CONTRIBUTE TO A CANDIDATE FOR PUBLIC OFFICE VIOLATES FREE SPEECH AND ASSOCIATION

32. Alaska Statutes 15.13.070(d) and AS 15.13.400(15) require that all contributions by any and all subdivisions or units of a political party to a candidate for public office in Alaska be aggregated and combined and then subjected to an aggregate cap. For example, each and every subdivision or unit of a political party together may contribute no more than an aggregate of $10,000 per year to a candidate for the State House of Representatives, and no more than an aggregate of $5,000 per year to a candidate for municipal office. Once a candidate has reached the annual aggregate limit for nonresident contributions for the particular office that the candidate is seeking, all other or additional nonresident individuals are absolutely prohibited or banned from donating any amount of money to the candidate's campaign. Once the candidate's campaign reaches the aggregate limit for nonresident contributions, this limitation operates as a complete prohibition or ban on further nonresident contributions to the candidate.

33. The annual aggregate limits applicable to contributions from parties and their subdivisions and units were put into place in 1996, are not and never have been adjusted for inflation, and thus the amount that parties and their subdivisions and units may give to candidates in the aggregate has effectively diminished in value each year since 1996 and continues to effectively diminish in value each year. With annual inflation and total inflation over a period of nineteen years, the aggregate limit for contributions to a candidate for State House of Representatives, which had a value of $10,000 in 1996, has a present-day value of only approximately $6,593.96 in 2015 dollars. Each year that the aggregate cap is not indexed for inflation, the value of the aggregate cap

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB*)*
Page 14 of 18
February 3, 2016
Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 14 of 18

effectively decreases. Each year of an election cycle during which campaign contributions can be given and received, candidates reach the aggregate cap applicable to parties and party subdivisions and units, and then every other subdivision or unit of the party is prohibited from contributing to the candidate once that aggregate cap is reached. This is exactly what happened to District 18 with respect to the Anchorage mayoral race in 2015. District 18 wanted to contribute to Amy Demboski, but when it went to do so, it found that the Republican Party in general had already contributed the maximum $5,000, so District 18 could make no contribution.

34. The only State interest that can constitutionally justify the aggregate cap or ban that is placed on what a subdivision or unit of a political party may contribute to a candidate for Alaska public office is an interest in prohibiting *quid pro quo* corruption or its appearance. That interest to prevent *quid pro quo* corruption or its appearance is not implicated simply because a separate political party subdivision or unit is part of a greater political party. There is no adequate State interest that justifies limiting or banning what a political party subdivision or unit can contribute annually to a candidate for Alaska public office, while at the same time permitting each and every group or nongroup entity that are not political parties to contribute to a candidate. Moreover, the aggregate cap or prohibition is not closely drawn so as to avoid unnecessary abridgement of speech and associational freedoms. Once the aggregate limit is reached by any given candidate, it operates as a complete denial of free speech and association to any political party subdivision or unit that wishes to make campaign contributions to that candidate. Aggregate caps are unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for judgment in their favor against Defendants as follows:

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)
Page 15 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 15 of 18

1. For a declaratory judgment declaring the $500 limit that is placed on individual contributions to candidates for public office in Alaska under AS 15.13.070(b)(1), the annual nature of that limit, and the lack of any adjustment of that limit for inflation, together and/or each independently, to be unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution;

2. For a declaratory judgment declaring the $500 limit that is placed on individual contributions to groups that are not political parties in Alaska under AS 15.13.070(b)(1), the annual nature of that limit, and the lack of any adjustment of that limit for inflation, together and/or each individually, to be unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution;

3. For a declaratory judgment declaring the annual aggregate limit that is placed on what candidates for public office in Alaska can solicit and receive from nonresidents of Alaska, and conversely what nonresidents of Alaska may give to candidates for public office in Alaska under AS 15.13.072(a)(2) and (e) to be unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution;

4. For a declaratory judgment declaring the annual aggregate limit that is placed on what a political party and all of its separate subdivisions and units can contribute to candidates for public office in Alaska under AS 15.13.070(d) and AS 15.13.400(15) to be unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution;

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson et. al. v. Dauphinais, et. al. (Case No. 3:15-cv-00218 TMB)
Page 16 of 18
February 3, 2016
Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 16 of 18

5. For a preliminary and permanent injunction enjoining the Defendants, in their official capacities, from enforcing the above-referenced unconstitutional laws;

6. For an award of Plaintiffs' full reasonable costs and attorneys' fees as allowed under 42 U.S.C. § 1988; and

7. For such other and further relief as the Court deems just and equitable.

DATED this 3rd day of February, 2016.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Plaintiffs

By _____
Kevin G. Clarkson, ABA No. 8511149
Matthew C. Clarkson, ABA No.1111077

BRENA, BELL &
CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson et. al. v. Dauphinais, et. al. (Case No. 3:15-cv-00218 TMB)
Page 17 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 17 of 18

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing document was e-mailed to the following attorneys/ parties of record on the 16th day of February, 2016:

### Attorneys for Defendants
Margaret Paton Walsh, Esq.
David T. Jones, Esq.
Laura Fox, Esq.
John M. Ptacin, Esq.
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
E-Mail:   margaret.paton-walsh@alaska.gov
          dave.jones@alaska.gov
          laura.fox@alaska.gov
          john.ptacin@alaska.gov

*/s/ Avonna L. Murfitt*
Avonna L. Murfitt

BRENA, BELL & CLARKSON, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 258-2000
Facsimile: (907) 258-2001

FIRST AMENDED COMPLAINT
Thompson *et. al.* v. Dauphinais, *et. al.* (Case No. 3:15-cv-00218 TMB)
Page 18 of 18
February 3, 2016

Case 3:15-cv-00218-TMB   Document 46   Filed 02/16/16   Page 18 of 18