CRAIG W. RICHARDS
ATTORNEY GENERAL

Margaret Paton Walsh
David T. Jones
Laura Fox
John M. Ptacin
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Emails: margaret.paton-walsh@alaska.gov
 dave.jones@alaska.gov
 laura.fox@alaska.gov
 john.ptacin@alaska.gov

*Attorneys for Defendants, Paul Dauphinais, et. al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| DAVID THOMPSON, AARON DOWNING, JIM CRAWFORD, and DISTRICT 18 of the ALASKA REPUBLICAN PARTY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:15-cv-00218 TMB |
| v. | ) ) ) | **MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| PAUL DAUPHINAIS, in His Official Capacity as the Executive Director of the Alaska Public Offices Commission, and MARK FISH, IRENE CATALONE, RON KING, KENNETH KIRK, and VANCE SANDERS, in Their Official Capacities as Member of the Alaska Public Offices Commission, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiffs acknowledge that Alaska's statutes "have set varying levels and types of limits and restrictions on campaign and political contributions." Docket 31 at 3. They cannot challenge Alaska's campaign finance statutes as a whole; they can only challenge those limits that they have established Article III standing to challenge.

Count Three of the First Amended Complaint challenges AS 15.13.072(e), which sets forth three limits for nonresident campaign contributions. Count Four challenges AS 15.13.070(d), which sets forth four limits for political party campaign contributions. But the plaintiffs have failed to establish Article III standing to challenge two of the three nonresident limits in AS 15.13.072(e) and three of the four party limits in AS 15.13.070(d). Even a First Amendment plaintiff "must still show an actual or imminent injury to a legally protected interest" to satisfy "the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (quoting *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 999 (9th Cir.2004)). The plaintiffs have not alleged any intent to make contributions that would exceed some of the limits they challenge, and they have thus failed to establish standing to challenge those limits.

The Court should grant the defendants partial summary judgment and dismiss the plaintiffs' challenges to AS 15.13.070(d)(1), AS 15.13.070(d)(2), AS 15.13.070(d)(3), AS 15.13.072(e)(1), and AS 15.13.072(e)(2) based on lack of standing.

*Thompson, et al. v. Dauphinais, et al.*                                              Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment                  Page 2 of 12

Case 3:15-cv-00218-TMB Document 56 Filed 02/25/16 Page 2 of 12

# ARGUMENT

**I.    The plaintiffs lack standing to challenge two of the three nonresident limits.**

The plaintiffs ask the Court to strike down AS 15.13.072(e), which provides three nonresident contribution limits. Docket 1 at 12-13. But because their complaint only alleges standing to challenge one of those limits, the Court only has jurisdiction to consider that limit, not the others. Docket 1 at 4-5. The defendants have already made this argument in their opposition to the plaintiffs' motion for partial summary judgment, but they renew it here in support of their affirmative request for partial summary judgment in their favor. Docket 36 at 7-10.

Alaska Statute 15.13.072(e) lists three separate limits on how much a candidate may accept in total from out-of-state contributors—(1) $20,000 a calendar year, if the candidate is seeking the office of governor or lieutenant governor; (2) $5,000 a calendar year, if the candidate is seeking the office of state senator; and (3) $3,000 a calendar year, if the candidate is seeking the office of state representative or municipal or other office.

Plaintiff David Thompson, a Wisconsin resident, alleges that the $3,000 limit prevented him from making a contribution to his brother-in-law, state house candidate Wes Keller, in 2015 because Rep. Keller had already received the limit in nonresident contributions. Docket 1 at 4-5. He also alleges that he would like to contribute to Rep. Keller in 2016. *Id*. But he does not allege that he has attempted, or ever intends in the future, to contribute to the campaign of any Alaska candidate for state senator, governor, or lieutenant governor, nor that he has ever been prevented from doing so by the separate

*Thompson, et al. v. Dauphinais, et al.*                                         Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment                                         Page 3 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 3 of 12

$5,000 and $20,000 limits applicable to those offices. Nor do any of the plaintiffs purport to be aspiring candidates for state senator, governor, or lieutenant governor who wish to accept contributions from nonresidents exceeding the $5,000 or $20,000 limit.

Because neither plaintiff Thompson nor any of the other plaintiffs have been injured by—or face any threat of injury from—the $5,000 and $20,000 nonresident limits, they lack Article III standing to challenge those limits. The "irreducible constitutional minimum" of Article III standing consists of (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id*. And "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). None of the plaintiffs has alleged an "injury in fact" that has any "causal connection" to the $5,000 or $20,000 nonresident limit. Plaintiff David Thompson has alleged only an "injury in fact" from the $3,000 limit; he has never been affected by the $5,000 and $20,000 limits nor does he allege a desire to make future contributions that would make such injury "imminent."

These standing requirements apply in First Amendment cases too. Although a First Amendment plaintiff "may establish an injury in fact without first suffering a direct injury from the challenged restriction," he "must still show an actual or imminent injury

*Thompson, et al. v. Dauphinais, et al.*  Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment  Page 4 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 4 of 12

to a legally protected interest" in order to satisfy "the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (quoting *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 999 (9th Cir.2004)). A plaintiff can meet this requirement by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute" and "a credible threat of prosecution thereunder." *Id.* (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). But "pre-enforcement plaintiffs who fail[] to allege a concrete intent to violate the challenged law" cannot "establish a credible threat of enforcement." *Id.* at 787. "[M]ere 'some day' intentions" are not sufficient to satisfy Article III. *Id*. In this case, none of the plaintiffs have even alleged "some day" intentions to make contributions that would implicate the $5,000 and $20,000 nonresident limits.

The plaintiffs are incorrect in their apparent belief that a facial challenge to a statute does not require a plaintiff to establish Article III standing. Docket 51 at 32. It does not matter that Mr. Thompson "seeks to vindicate not only his own rights, but those of others who may also be adversely impacted by the statute in question." Docket 51 at 32. Regardless of whether he is raising a facial or an as-applied challenge, Mr. Thompson must establish that he himself is "adversely affected by the statute in question." In this case, there are three separate "statute[s] in question"— AS 15.13.072(e)(1), AS 15.13.072(e)(2) and AS 15.13.072(e)(3). Mr. Thompson has only been "adversely affected" by one of them. The $5,000 and $20,000 nonresident limits are not merely

*Thompson, et al. v. Dauphinais, et al.*                         Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment                  Page 5 of 12

different "applications" of the same statute—they are in fact different provisions establishing different limits. The fact that they are codified as three subsections of AS 15.13.072(e) does not mean that they must stand or fall together any more than the fact that AS 15.13.072(e) is a subsection of AS 15.13.072 means that subsections (a) through (d) of AS 15.13.072 must stand or fall with AS 15.13.072(e).

The $5,000 and $20,000 nonresident limits are certainly similar to the $3,000 limit in some ways, but they are distinct and severable and thus must be considered separately. *See State v. Alaska Civil Liberties Union (AkCLU)*, 978 P.2d 597, 633-34 & n.209 (Alaska 1999) (noting that the 1996 campaign finance legislation included a severability clause and holding that invalidated provisions were severable); *see also* AS 01.10.030 (general severability provision for Alaska statutes); *Alaskans for a Common Language, Inc. v. Kritz*, 170 P.3d 183, 214 (Alaska 2007) ("We have consistently severed laws rather than invalidating them when construing this general severability clause."). The plaintiffs assert that the subsections of AS 15.13.072(e) "are not severable" because "they were plainly intended to operate together, and thus also stand or fall together," but they provide no evidence or authority to support this assertion. Docket 51 at 32.

To determine severability, Alaska courts ask "(1) whether 'legal effect can be given' to the severed statute and (2) if 'the legislature intended the provision to stand' in the event other provisions were struck down." *Alaskans for a Common Language, Inc.*, 170 P.3d at 209. Here, legal effect can be given to the $5,000 and $20,000 nonresident limits even if the $3,000 limit is struck down. The limits are not interdependent in any

*Thompson, et al. v. Dauphinais, et al.*  Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment  Page 6 of 12

meaningful way, so it would be easy to continue enforcing the $5,000 and $20,000 limits and stop enforcing the $3,000 limit. As for whether the legislature would have wanted the $5,000 and $20,000 limits to stand even if the $3,000 limit fell, it is the plaintiffs' burden to show otherwise—where legislation includes a severability clause, the burden is on the challengers to show that the legislature did not intend the remaining provisions to be given effect. *See Alaskans for a Common Language, Inc.*, 170 P.3d at 211. It stands to reason that a legislature that thought nonresident limits were a good idea would have wanted each of the limits to stand until struck down. The plaintiffs have provided no explanation of why the legislature would not have wanted the $5,000 and $20,000 limits to continue operating in the absence of the $3,000 limit. Thus, the subsections of AS 15.13.072(e) are severable and can be considered separately.

The Court should grant the defendants summary judgment on the plaintiffs' challenges to the $20,000 and $5,000 contribution limits set forth in AS 15.13.072(e)(1) and AS 15.13.072(e)(2) based on lack of standing. This will leave only the plaintiffs' challenge to the $3,000 nonresident limit set forth in AS 15.13.072(e)(3).

**II.     The plaintiffs lack standing to challenge three of the four annual aggregate limits on political party contributions to a candidate.**

Just as the plaintiffs purport to challenge all three of AS 15.13.072(e)'s nonresident limits, they purport to challenge all four of AS 15.13.070(d)'s aggregate limits on what a political party or subdivision may contribute to a candidate. But again, their complaint only sufficiently alleges standing to challenge one of these limits.

*Thompson, et al. v. Dauphinais, et al.*                                Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment                                Page 7 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 7 of 12

Alaska Statute 15.13.070(d) lists four separate aggregate limits on what a political party, including its subdivisions, may contribute to a candidate— (1) $100,000 per year, if the election is for governor or lieutenant governor; (2) $15,000 per year, if the election is for the state senate; (3) $10,000 per year, if the election is for the state house of representatives; and (4) $5,000 per year, if the election is for three other types of offices, including municipal offices. Just as is true for the nonresident limits set forth in AS 15.13.072(e), these limits are separate and severable. *See supra* at 6-7.

Plaintiff District 18 of the Alaska Republican Party alleges that the $5,000 aggregate limit prevented it from making a contribution to Anchorage mayoral candidate Amy Demboski in 2015. Docket 1 at 5. But it does not detail any future contribution plans, nor does it allege with any specificity that any of the other three aggregate party limits has ever affected or is ever likely to affect its ability to contribute to a candidate— it alleges only that it "is often prevented from contributing to the campaigns of candidates" because of the aggregate limits. Docket 46 at 5. It does not allege with any specificity an intent to contribute to a campaign for governor or lieutenant governor, state senate, or state house of representatives such that the aggregate party limits for such offices might be invoked to prevent its desired contribution.

District 18 has thus failed to meet the Article III standing requirements for a First Amendment pre-enforcement challenge to the $100,000, $15,000, and $10,000 party limits. *See supra* at 4-6. "Because 'the Constitution requires something more than a hypothetical intent to violate the law,' plaintiffs must 'articulate[ ] a "concrete plan" to

*Thompson, et al. v. Dauphinais, et al.*  Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment  Page 8 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 8 of 12

violate the law in question' by giving details about their future speech such as 'when, to whom, where, or under what circumstances.' " *Lopez*, 630 F.3d at 787 (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)). District 18 has failed to do this. Indeed, even District 18's allegation about its past desire to contribute to Amy Demboski is technically insufficient to establish standing to challenge the $5,000 limit because it pertains to past events that cannot be affected by this lawsuit, not future ones. *Cf. Daggett v. Comm'n on Governmental Ethics & Election Practices*, 205 F.3d 445, 463 (1st Cir. 2000) ("[A]lthough the Stearns appellants have made gubernatorial contributions over $500 in the past, that is not sufficient. … none of appellants' affidavits provide enough specificity about future plans for contributions to display a real or even a threatened injury.").

Because none of the plaintiffs have been injured by, or face an imminent threat of injury from, the contribution limits set forth in AS 15.13.070(d)(1), AS 15.13.070(d)(2), or AS 15.13.070(d)(3), the Court should dismiss the plaintiffs' challenges to those three limits for lack of standing.

## CONCLUSION

For the foregoing reasons, the Court should grant the defendants' motion for partial summary judgment and dismiss the plaintiffs' challenges to AS 15.13.070(d)(1), AS 15.13.070(d)(2), AS 15.13.070(d)(3), AS 15.13.072(e)(1), and AS 15.13.072(e)(2) based on lack of standing.

*Thompson, et al. v. Dauphinais, et al.*　　　　　　　　　　　　　　Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment　　　　　　　　　Page 9 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 9 of 12

DATED: February 25, 2016.

                      CRAIG W. RICHARDS
                      ATTORNEY GENERAL

By: /s/ Laura Fox
     Laura Fox
     Assistant Attorney General
     Alaska Bar No. 0905015
     Department of Law
     1031 W. 4th Avenue, Suite 200
     Anchorage, AK 99501
     Phone: (907) 269-6612
     Facsimile: (907) 258-4978
     Email: laura.fox@alaska.gov

By: /s/ Margaret Paton Walsh
     Margaret Paton Walsh
     Assistant Attorney General
     Alaska Bar No. 0411074
     Department of Law
     1031 W. 4th Avenue, Suite 200
     Anchorage, AK 99501
     Phone: (907) 269-6612
     Facsimile: (907) 258-4978
     Email: margaret.paton-walsh@alaska.gov

By: /s/ David T. Jones
     David T. Jones
     Assistant Attorney General
     Alaska Bar No. 8411123
     Department of Law
     1031 W. 4th Avenue, Suite 200
     Anchorage, AK 99501
     Phone: (907) 269-6612
     Facsimile: (907) 258-4978
     Email: dave.jones@alaska.gov

*Thompson, et al. v. Dauphinais, et al.*           Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment           Page 10 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 10 of 12

By: /s/ John M. Ptacin
John M. Ptacin
Assistant Attorney General
Alaska Bar No. 0412106
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: john.ptacin@alaska.gov

**Attorneys for Defendants**

*Thompson, et al. v. Dauphinais, et al.*     Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment     Page 11 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 11 of 12

<u>**Certificate of Service**</u>

  I hereby certify that on February 25, 2016, a copy of the foregoing **Motion for Partial Summary Judgment** was served electronically & by U.S. Mail on:

  Kevin G. Clarkson
  Matthew C. Clarkson
  Brena, Bell & Clarkson, P.C.
  810 N. Street, Suite 100
  Anchorage, Alaska  99501

<u>s/ Margaret Paton Walsh</u>

*Thompson, et al. v. Dauphinais, et al.*    Case No. 3:15-cv-00218 TMB
Defendants' Motion for Partial Summary Judgment    Page 12 of 12

Case 3:15-cv-00218-TMB   Document 56   Filed 02/25/16   Page 12 of 12