CRAIG W. RICHARDS
ATTORNEY GENERAL

Margaret Paton Walsh
David T. Jones
Laura Fox
John M. Ptacin
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Emails: margaret.paton-walsh@alaska.gov
dave.jones@alaska.gov
laura.fox@alaska.gov
john.ptacin@alaska.gov

*Attorneys for Defendants, Paul Dauphinais, et. al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID THOMPSON, AARON DOWNING, JIM CRAWFORD, and DISTRICT 18 of the ALASKA REPUBLICAN PARTY, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL DAUPHINAIS, in His Official Capacity as the Executive Director of the Alaska Public Offices Commission, and MARK FISH, IRENE CATALONE, RON KING, KENNETH KIRK, and VANCE SANDERS, in Their Official Capacities as Member of the Alaska Public Offices Commission, <br><br> Defendants. | Case No. 3:15-cv-00218 TMB <br><br> **REPLY ON MOTION FOR PARTIAL SUMMARY JUDGMENT** |

The plaintiffs seek to invalidate all three of the aggregate contribution limits in AS 15.13.072(e) for nonresidents and all four of the aggregate contribution limits in AS 15.13.070(d) for political parties and their subordinate units, but they allege injury from only two of those seven provisions: AS 15.13.070(d)(4) and AS 15.13.072(e)(3). The Court should therefore dismiss the plaintiffs' challenges to AS 15.13.070(d)(1), AS 15.13.070(d)(2), AS 15.13.070(d)(3), AS 15.13.072(e)(1), and AS 15.13.072(e)(2) for lack of standing. In the alternative, the Court should hold that the plaintiffs can prevail on Counts Three and Four only if they establish that no possible aggregate limits on nonresident or party contributions could ever be constitutional.

## ARGUMENT

**I.** ***Eddleman*** **dictates that campaign contribution limits must be upheld when "closely drawn," so the plaintiffs must establish standing to challenge any limits they intend to argue are not closely drawn.**

As the defendants explained in their opposition to the plaintiffs' Motion for Partial Summary Judgment, *Montana Right to Life Association v. Eddleman*, 343 F.3d 1085 (9th Cir. 2003), provides the legal test for determining whether campaign contribution limits are constitutional. Docket 36 at 11-13. Under the *Eddleman* test, campaign contribution limits will be upheld if

> (1) there is adequate evidence that the limitation furthers a sufficiently important state interest, and (2) if the limits are "closely drawn"—i.e., if they (a) focus narrowly on the state's interest, (b) leave the contributor free to affiliate with a candidate, and (c) allow the candidate to amass sufficient resources to wage an effective campaign.

*Lair v. Bullock*, 798 F.3d 736, 748 (9th Cir. 2015) (quoting *Eddleman*, 343 F.3d at 1092).

*Thompson, et al. v. Dauphinais, et al.*                                      Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment           Page 2 of 10

The *Eddleman* test thus directs the Court's focus to the campaign contribution limit being challenged. If the limit at issue is "closely drawn," it will be upheld, and if it is not, it will be struck down. Whether a particular limit is "closely drawn" may depend on the monetary amount of the limit, because one of *Eddleman*'s considerations is whether the limit allows a political candidate to "amass sufficient resources to wage an effective campaign."

Depending on a court's reasoning in striking down a particular campaign contribution limit under the *Eddleman* test, other limits might be placed in legal jeopardy. If the Court were to rule in the plaintiffs' favor on their challenge to the $3,000 nonresident limit, for example, and were to employ reasoning equally applicable to the other nonresident limits, the natural implication of the Court's decision would be that the other nonresident limits might become unenforceable. But that does not mean that challenging one limit is tantamount to challenging all limits. Nor does it mean that a plaintiff need not satisfy Article III standing requirements for the limits he challenges.

The United States Supreme Court made that clear in *Davis v. Federal Election Commission*, 554 U.S. 724 (2008), a case involving a challenge to certain federal campaign contribution limits. After reaffirming that "standing is an essential and unchanging part of the case-or-controversy requirement of Article III," *id.* at 733 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)), the Court noted that the claimant's standing to challenge one subsection of a statute did not mean he also had standing to challenge a second subsection of the same statute:

*Thompson, et al. v. Dauphinais, et al.*　　　　　　　　　　Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment　　　　　　Page 3 of 10

Case 3:15-cv-00218-TMB   Document 66   Filed 03/31/16   Page 3 of 10

> The fact that Davis has standing to challenge § 319(b) does not necessarily mean that he also has standing to challenge the scheme of contribution limitations that applies when § 319(a) comes into play. "[S]tanding is not dispensed in gross." Rather, "a plaintiff must demonstrate standing for each claim he seeks to press" and "'for each form of relief'" that is sought.

*Davis*, 554 U.S. at 733-34 (citations omitted) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). As the Court has explained, "a plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)); *see also id.* ("[T]he right to complain of *one* administrative deficiency [does not] automatically confer[ ] the right to complain of *all* administrative deficiencies.").

The plaintiffs assert that the Court, in *Buckley v. Valeo*, "somewhat relaxed this rigid standing requirement." Docket 61 at 9 (citing *Buckley v. Valeo*, 424 U.S. 1, 7-11 & n.11 (1976)). But in the single paragraph that addresses standing in *Buckley*, the Court did not even suggest that it was relaxing standing requirements. 424 U.S. at 12. Rather, the Court simply applied existing constitutional standing requirements and concluded that "at least some of the appellants [had] a sufficient 'personal stake' in a determination of the constitutional validity of each of the challenged provisions" to satisfy those requirements. *Buckley*, 424 U.S. at 12 (citing, *inter alia*, *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Though the Court did not identify which of the eleven appellants had standing to challenge which of the challenged provisions, *id.* at 7-12, the

*Thompson, et al. v. Dauphinais, et al.*                                        Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment               Page 4 of 10

Case 3:15-cv-00218-TMB   Document 66   Filed 03/31/16   Page 4 of 10

appellants' opening brief in *Buckley* suggests that the record included affidavits establishing how each challenged provision injured one or more of the appellants. Brief of the Appellants at 14-24, *Buckley v. Valeo*, 424 U.S. 1 (1976) (Nos. 75-436 and 75-437), 1975 WL 173792, at *14-24. Here, however, even in response to the defendants' motion, the plaintiffs do not assert that the limits in AS 15.13.070(d)(1)–(d)(3) or AS 15.13.072(e)(1)–(e)(2) injured them or threatened to cause them injury. Docket 61.

The plaintiffs also address the doctrine of severability in their opposition, arguing that the doctrine saves only constitutional portions of a statute. Docket 61 at 14-16. But the Court has jurisdiction to consider the constitutionality of only those provisions that the plaintiffs establish standing to challenge. Severability becomes a consideration only if the Court concludes that a provision the plaintiffs have standing to challenge is invalid; the Court then considers whether the invalid provision is severable from the other provisions of the law. *See State v. Alaska Civil Liberties Union*, 978 P.2d 597, 633 (Alaska 1999). Determining the constitutionality of those other provisions plays no part in that analysis. *Id.* at 633-34.

**II.     If the plaintiffs are bringing a facial challenge to the notion of *any* aggregate caps on nonresident or party contributions, they may have standing, but they must establish that no possible caps could pass constitutional muster.**

The plaintiffs attempt to sidestep standing requirements by insisting that they are challenging the overarching concept of aggregating nonresident or party contributions rather than the specific dollar limits themselves. Docket 61 at 6, 8, 17. They assert that the defendants have misunderstood Counts Three and Four of their complaint. Docket 61

*Thompson, et al. v. Dauphinais, et al.*                                          Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment                     Page 5 of 10

Case 3:15-cv-00218-TMB   Document 66   Filed 03/31/16   Page 5 of 10

at 6, 8, 17. They are "not claiming that the $3,000 [nonresident] limit is unconstitutionally low and should be higher." Docket 61 at 6, 11. And they are likewise "not challenging the amount of the $5,000 [party] limit." Docket 61 at 8. Rather, they say they are challenging the "common unconstitutional denominator" of "discriminatory aggregation of nonresident contributions" and the "unconstitutional concept of discriminatory aggregation of party components." Docket 61 at 6, 8.

But without dollar limits, aggregation could cause them no harm. Had the limit on political party contributions under AS 15.13.070(d)(4) been higher, for example, Plaintiff District 18 of the Alaska Republican Party could have made the contribution it alleges it wanted to make to Amy Demboski's mayoral campaign. Docket 46 at 5-6. Likewise, had the limit on nonresident contributions under AS 15.13.072(e)(3) been higher, Plaintiff Thompson could have made the contribution he alleges he wanted to make to his brother-in-law's campaign for the Alaska House of Representatives. Docket 46 at 4-5. Those two dollar limits—not aggregation in the abstract—are the sources of the harm they allege they suffered. And they have standing to challenge only those two dollar limits.

To the extent, however, that the plaintiffs are challenging aggregation in the abstract, they are not arguing that Alaska's nonresident and party limits fail the *Eddleman* test—they are arguing that no conceivable aggregate nonresident or party limits could ever survive that test. If this is the plaintiffs' position, perhaps the question of their standing to challenge some of Alaska's specific dollar limits is less important. But the plaintiffs should be held to the burden they are taking on. So if the Court concludes that

*Thompson, et al. v. Dauphinais, et al.*　　　　　　　　　　　　　　Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment　　　　　　　　Page 6 of 10

Case 3:15-cv-00218-TMB　　Document 66　　Filed 03/31/16　　Page 6 of 10

the plaintiffs have standing to challenge all of the limits because they are challenging aggregation in the abstract, the Court should clarify that they can prevail on Counts Three and Four only if they establish that no conceivable aggregate nonresident or party limits could ever be constitutional. And the Court should likewise clarify that if this is the plaintiffs' theory, the State need not defend the specific dollar limits set forth in its statutes, but rather need only demonstrate that some aggregate nonresident or party limits could be constitutional. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also Cogswell v. City of Seattle*, 347 F.3d 809, 814 (9th Cir. 2003) (holding that plaintiff raising facial challenge to restriction on statements in voter pamphlet "must 'establish that no set of circumstances exists under which the [restriction] would be valid.' " (quoting *S.D. Myers, Inc. v. City & County of San Francisco*, 253 F.3d 461, 467 (9th Cir. 2001) (alteration in original))).

## CONCLUSION

For these reasons and those expressed in the defendants' Motion for Partial Summary Judgment, the Court should grant the defendants' motion and dismiss the plaintiffs' challenges to AS 15.13.070(d)(1), AS 15.13.070(d)(2), AS 15.13.070(d)(3), AS 15.13.072(e)(1), and AS 15.13.072(e)(2) based on lack of standing. In the alternative, the Court should hold that the plaintiffs can prevail on Counts Three and Four only if

*Thompson, et al. v. Dauphinais, et al.*     Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment     Page 7 of 10

Case 3:15-cv-00218-TMB   Document 66   Filed 03/31/16   Page 7 of 10

they establish that no possible aggregate limits on nonresident or party contributions could ever be constitutional.

DATED: March 31, 2016.

            CRAIG W. RICHARDS
            ATTORNEY GENERAL

          By: /s/ Margaret Paton Walsh
            Margaret Paton Walsh
            Assistant Attorney General
            Alaska Bar No. 0411074
            Department of Law
            1031 W. 4th Avenue, Suite 200
            Anchorage, AK 99501
            Phone: (907) 269-6612
            Facsimile: (907) 258-4978
            Email: margaret.paton-walsh@alaska.gov

          By: /s/ David T. Jones
            David T. Jones
            Assistant Attorney General
            Alaska Bar No. 8411123
            Department of Law
            1031 W. 4th Avenue, Suite 200
            Anchorage, AK 99501
            Phone: (907) 269-6612
            Facsimile: (907) 258-4978
            Email: dave.jones@alaska.gov

          By: /s/ Laura Fox
            Laura Fox
            Assistant Attorney General
            Alaska Bar No. 0905015
            Department of Law
            1031 W. 4th Avenue, Suite 200
            Anchorage, AK 99501
            Phone: (907) 269-6612
            Facsimile: (907) 258-4978
            Email: laura.fox@alaska.gov

*Thompson, et al. v. Dauphinais, et al.*             Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment      Page 8 of 10

Case 3:15-cv-00218-TMB   Document 66   Filed 03/31/16   Page 8 of 10

By: /s/ John M. Ptacin
John M. Ptacin
Assistant Attorney General
Alaska Bar No. 0412106
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: john.ptacin@alaska.gov

**Attorneys for Defendants**

*Thompson, et al. v. Dauphinais, et al.*      Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment      Page 9 of 10

Case 3:15-cv-00218-TMB   Document 66   Filed 03/31/16   Page 9 of 10

## Certificate of Service

I hereby certify that on March 31, 2016, a copy of the foregoing **Defendants' Reply on Motion for Partial Summary Judgment** was served electronically & by U.S. Mail on:

Kevin G. Clarkson
Matthew C. Clarkson
Brena, Bell & Clarkson, P.C.
810 N Street, Suite 100
Anchorage, Alaska  99501

s/ Margaret Paton Walsh

*Thompson, et al. v. Dauphinais, et al.*   Case No. 3:15-cv-00218 TMB
Defendants' Reply on Motion for Partial Summary Judgment   Page 10 of 10

Case 3:15-cv-00218-TMB   Document 66   Filed 03/31/16   Page 10 of 10